# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DAVID JONES | CIVIL ACTION |
| VERSUS | NO. 11-2382 |
| WARDEN SANDY MCCAIN | SECTION "R" (6) |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing. For the reasons set forth below, it is recommended that the instant petition be **DISMISSED WITHOUT PREJUDICE** due to petitioner's failure to exhaust his state court remedies.

## I. PROCEDURAL HISTORY[1]

Petitioner, David Jones, is a state prisoner currently incarcerated in the J. Levy Dabadie Correctional Center in Pineville, Louisiana. On December 20, 2007, the Jefferson Parish District Attorney filed a bill of information charging David Jones with violation of La.

---

[1] A portion of the procedural history has been taken from the Louisiana Fifth Circuit Court of Appeal's opinion, *State v. Jones*, 51 So.3d 792 (La. App. 5 Cir. 2010).

R.S. 40:981.3, distribution of cocaine within 1,000 feet of Providence Baptist Church in Jefferson Parish. Jones pleaded not guilty on December 21, 2007.

On March 13, 2008, Jones withdrew his plea of not guilty, entered a plea of guilty as charged, and signed a waiver of constitutional rights. On the same day, the State filed a bill of information alleging that Jones had previously been convicted of a felony on April 19, 2007. Jones admitted to being a second-felony offender and signed a multiple offender waiver of rights form.

On March 28, 2009, in accordance with his plea agreement, Jones was sentenced to 15 years in the custody of the Department of Corrections, with the first two years to be served without benefit of probation, parole, or suspension of sentence. The district court thereafter vacated the original sentence and imposed an enhanced sentence of 15 years in the custody of the Department of Corrections, without benefit of probation or suspension of sentence, in accordance with La. R.S. 15:529.1.

On November 5, 2009, Jones filed an application for post-conviction relief, alleging his guilty plea was unconstitutional and invalid because he was not given notice of the true nature of his offense. The district court denied the application for post-conviction relief, finding it was premature because Jones had not exhausted his appellate rights. Jones filed a second application for post-conviction relief, requesting an out-of-time appeal because the time to file an appeal as a matter of right had elapsed. The

district court granted Jones' motion for an out-of-time appeal on January 14, 2010, and dismissed his application for post-conviction relief without prejudice.

On October 26, 2010, pursuant to Jones' appeal, the Louisiana Fifth Circuit Court of Appeal affirmed his conviction and sentence. *State v. Jones*, 51 So.3d 792 (La. App. 5 Cir. 2010). Jones did not seek relief from the Louisiana Supreme Court. Thus, under the provisions of La.C.Cr.P. art. 922, Jones' conviction and sentence became final fourteen days later, on November 9, 2010, when the delay for applying for rehearing expired.[2]

On or about November 22, 2010, Jones filed an application for post-conviction relief. In his application, Jones set forth the following claims: 1) His guilty plea was constitutionally invalid because he was not informed of the true nature of his offense, namely, that the drug free zone must be posted;[3] 2) he is innocent of the offense to which

---

[2]La.C.Cr.P. art. 922 provides, in pertinent part, as follows:
    A. Within fourteen days of rendition of the judgment of the supreme court or any appellate court, ... a party may apply to the appropriate court for a rehearing....
    B. A judgment rendered by the supreme court or other appellate court becomes final when the delay for applying for a rehearing has expired and no application therefor has been made.

[3]Jones pled guilty to violating La. R.S. 40:981.3, specifically, La. R.S. 40:981.3(A)(3)(a). Under La. R.S. 40:981.3(A)(3)(a), as it existed during the pertinent time period, a defendant was prohibited from engaging in a drug transaction within 1,000 feet of a religious building **"if the area is posted as a drug free zone** [emphasis added]". Jones contends that he was not advised of the essential element that the religious building must be "posted as a drug free zone". According to Jones, if he had been informed of this essential element he would not have pled guilty because the religious building, the Providence Baptist Church, was not "posted as a drug free zone".

he pled guilty because the drug free zone was not posted at the location of the offense; 3) counsel was ineffective in stipulating to the multiple bill prior to advising him of his rights and the trial court erred in allowing counsel to make the stipulation; and, 4) his multiple bill sentence subjected him to "double enhancement". On March 1, 2011, the district court denied Jones post-conviction relief. (St. rec., vol. 1). The district court found that claims 1) and 2) were barred pursuant to La.C.Cr.P. art. 930.4(B) and (C) due to Jones' failure to raise these claims at trial or on appeal. The court determined that claim 4) was likewise barred pursuant to La.C.Cr.P. art. 930.3 which "provides no basis for review of claims of excessiveness or other sentencing error in post-conviction proceedings." The court denied claim 3) on the merits.

On May 25, 2011, the Louisiana Fifth Circuit Court of Appeal refused to consider Jones' writ application, providing:

> In his writ application, relator seeks review of the trial court's denial of his application for post-conviction relief. We note that relator's writ application is deficient because it fails to contain documentation required by Rule 4-5 of the Uniform Rules, Courts of Appeal, including a copy of the district court's ruling and a copy of the notice of intent and return date. Without the ruling from the trial court, we are unable to consider the merits of relator's writ application.

*Jones v. State*, No. 2011-KH-0446 (La. App. 5 Cir. 2011) (unpublished opinion). (St. rec., vol. 1). Jones did not file a writ application with the Louisiana Supreme Court.

On September 6, 2011, Jones filed the instant habeas corpus petition raising as his sole claim for relief that his guilty plea was not valid because he "was not given proper notice of the nature of the charge" to which he pled guilty. (Fed. rec. doc. 1, memorandum in support of habeas corpus application, p. 5). Jones asserts that no one advised "that in order to constitute a violation of the statue [sic] that he pleaded guilty to, the [religious] building must be posted as a drug-free zone...." Stated differently, no one advised him "that the Providence Baptist Church had to have a posted drug free zone sign on the building in order for him to be guilty of the offense." *Id.*

In its response, the State concedes, and a review of the record confirms, that the instant action is timely. (Fed. rec., doc. 11, p. 5). The State, however, contends that Jones has failed to exhaust his state court remedies and that Jones' claim is procedurally barred.

## II. **EXHAUSTION**

It is well established that a petitioner must first exhaust his available state court remedies before proceeding to federal court seeking habeas corpus relief. 28 U.S.C. § 2254; *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Preiser v. Rodriquez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Serio v. Members of the Louisiana Board of Pardons*, 821 F.2d 1112, 1117 (5th Cir. 1987). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were

previously presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

In the instant matter, there is no question that Jones has failed to exhaust his state court remedies. Jones never presented his claim to the Louisiana Supreme Court. Further, Jones did not present the instant claim to the Louisiana Fifth Circuit Court of Appeal in a procedurally proper manner. *See Pedelahore v. Cain*, 2009 WL 2045982, *2 (E.D. La. July 13, 2009) (Moore, MJ.) (writ application, denied by state appellate court based upon failure to present proper documentation in violation of Uniform Rule-Court of Appeal 4-5, deemed improperly filed for purpose of satisfying exhaustion requirement).

### III. **PROCEDURAL DEFAULT**

Generally, a federal court will not review a question of federal law decided by a state court if the decision of that state court rests on a state ground that is both independent of the federal claim and adequate to support that judgment. *Coleman v. Thompson*, 501 U.S. 722, 731-32, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir.1997); *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir.1995) (citing *Harris v. Reed*, 489 U.S. 255, 260, 262, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989)). This "independent and adequate state law" doctrine applies to both substantive and

procedural grounds and affects federal review of claims that are raised on either direct or habeas review. *Amos*, 61 F.3d at 338.

Procedural default does not bar federal court review of a federal claim raised in a habeas petition unless the last state court to render a judgment in the case has clearly and expressly indicated that its judgment is independent of federal law and rests on a state procedural bar. *Harris*, 489 U.S. at 263; *Glover*, 128 F.3d at 902. When the last state court judgment does not indicate whether it is based on procedural default or the merits of a federal claim, it is presumed that the court relied upon the same grounds as the last reasoned state court opinion. *Ylst v. Nunnemaker*, 501 U.S. 797, 802, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991).

For this state-imposed procedural bar to prevent review by this federal habeas court, the bar must be independent and adequate. A procedural restriction is "independent" if the state court's judgment "clearly and expressly" indicates that it is independent of federal law and rests solely on a state procedural bar. *Amos*, 61 F.3d at 338. To be "adequate," the state procedural rule must be strictly or regularly followed and evenhandedly applied to the majority of similar cases. *Glover*, 128 F.3d at 902. A state procedural bar is presumptively adequate when the state court expressly relies on it in deciding not to review a claim for collateral relief. *Id*.

7

In the instant situation, the Louisiana Fifth Circuit issued the last reasoned decision, denying petitioner's claim because of a procedural error in that Jones did not comply with Uniform Rule-Court of Appeal 4-5.[4]

This court's research has uncovered no federal district court cases arising from the Eastern District, Middle District or Western District of Louisiana and no cases arising from the United States Fifth Circuit Court of Appeals which provide that Uniform Rule-Court of Appeal 4-5 constitutes an independent and adequate state procedural ground for purposes of barring federal habeas review. For this reason, the court finds that Jones' habeas claim should not be dismissed with prejudice as procedurally barred. Instead, the instant matter should be dismissed without prejudice for the purpose of allowing Jones to exhaust his state court remedies.[5]

---

[4]The state district court likewise did not address the merits of Jones' claim. As noted earlier, the district court's denial of Jones' claim was based upon his failure, in violation of La.C.Cr.P. art. 930.4(B) and (C), to raise the claim at trial or on appeal. (St. rec., vol. 1). However, for the following reasons, the validity of the district court's determination in this regard is questionable.

First, Jones did not go to trial. Second, on appeal, his counsel filed nothing more than an *Anders* brief and Jones, despite being provided with an opportunity to do so, did not file a supplemental *pro se* brief. *See* St. rec., vol. 3 which contains: 1) May 3, 2010 letter from the Clerk of Court for the Louisiana Fifth Circuit Court of Appeal advising Jones that he could file, no later than June 2, 2010, a supplemental *pro se* brief; 2) May 20, 2010 Order from the Louisiana Fifth Circuit granting Jones an extension, until June 17, 2010, to file a supplemental brief; and, 3) July 8, 2010 Order from the state appellate court denying Jones' motion for a second extension of time to submit his supplemental brief.

[5]The court notes that Jones is not time-barred from properly seeking relief within the state court system. Jones' two-year time period, under La.C.Cr.P. art. 930.8, within which to timely seek post-conviction relief did not commence to run until November 9, 2010, when Jones' judgment of conviction and sentence became final. *See supra* at p. 3. Accordingly, Jones' has

## **RECOMMENDATION**

It is hereby **RECOMMENDED** that the petition of David Jones for issuance of a writ of habeas corpus be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. §636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996)(*en banc*).[6]

New Orleans, Louisiana, this __24th__ day of _____January_____, 2012.

```
                                          LOUIS MOORE, JR.
                                          United States Magistrate Judge
```

---

almost a year, until November 9, 2012, within which to properly seek state post-conviction relief.

[6]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to fourteen days.